This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joseph Scott, Jr., appeals his conviction in the Cuyahoga Falls Municipal Court based upon the denial of his motion to suppress evidence. We affirm.
On the morning of January 9, 2001, Summit County Deputy Sheriff Gary Hayes observed Mr. Scott driving through a school zone marked with flashing lights. The radar detector indicated that Mr. Scott's speed was thirty-nine miles-per-hour in an area with a twenty miles-per-hour posted speed limit. Based upon the speed of the vehicle, Deputy Hayes made a traffic stop. Deputy Hayes testified that, as he approached the vehicle, he could smell an alcoholic beverage odor coming from the inside of the vehicle. When asked, Mr. Scott admitted that he had been drinking earlier that morning. Deputy Hayes noted that Mr. Scott's speech was slow and slurred.
Deputy Hayes testified that he requested that Mr. Scott get out of his vehicle and that Mr. Scott stumbled as he went toward the back of the vehicle. Mr. Scott, at that point, was asked to perform three field sobriety tests. Deputy Hayes testified that Mr. Scott was unable to walk heel-to-toe on the white line on the side of the road, that he could only touch the top bridge, not the tip, of his nose with his index finger, and that he could only stand on one leg for three to four seconds before losing his balance. Consequently, Deputy Hayes placed Mr. Scott under arrest for driving under the influence of alcohol.
On February 5, 2001, Mr. Scott moved to suppress evidence, claiming that Deputy Hayes lacked probable cause to arrest him for driving while under the influence of alcohol. An evidentiary hearing on Mr. Scott's motion to suppress was held on February 28, 2001. The trial court denied Mr. Scott's motion to suppress on the same day, ruling that probable cause existed for the arrest. On April 19, 2001, Mr. Scott entered a plea of no contest; the trial court found him guilty under R.C. 4511.19(A)(3) and sentenced him accordingly. This appeal followed.
Mr. Scott asserts one assignment of error:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS.
Mr. Scott asserts that the trial court erred in denying his motion to suppress. Specifically, he contends that, as Deputy Hayes was not properly trained to conduct field sobriety tests, it appeared from his training and experience that Deputy Hayes did not have the background to form a reasonable belief that Mr. Scott was impaired. Accordingly, Mr. Scott asserts that there was not probable cause for his arrest. We disagree.
As a general rule, "determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920. Whereas, "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Smith (1991),61 Ohio St.3d 284, 288. Thus, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas, 517 U.S. at 699, 134 L.Ed.2d at 920. Accordingly, we will accept the factual determinations of the trial court so long as they are supported by competent and credible evidence; however, without deference to the trial court's conclusion, we will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994), 95 Ohio App.3d 93, 96.
The Ohio Supreme Court, in State v. Homan (2000), 89 Ohio St.3d 421,427, stated:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, [a court] will examine the "totality" of facts and circumstances surrounding the arrest.
(Citations omitted). Furthermore, "probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance [on the field sobriety tests]." Id.
Mr. Scott avers that, as the arresting officer did not have proper training to conduct the field sobriety tests, there was not probable cause to arrest him for driving under the influence of alcohol. As a preliminary matter, we note that at the trial level, Mr. Scott filed a motion to suppress based upon his assertion that Deputy Hayes lacked probable cause to arrest. In response, the trial court apparently did not consider the results of the field sobriety tests in reaching its probable cause determination. Rather, the court held that probable cause existed based upon Mr. Scott's act of driving over the speed limit, his speaking in a slurred and slow manner, and other "physical characteristics" exhibited by him. Assuming, without deciding, that the results of the field sobriety tests should not be considered in determining whether there was probable cause to arrest Mr. Scott, we, nevertheless, find that the trial court properly determined that there was probable cause to arrest based upon the totality of the circumstances, without consideration of the field sobriety tests.
In the case sub judice, Deputy Hayes testified that he could smell an odor of alcohol as he approached the vehicle. Moreover, Mr. Scott admitted that he had been drinking, and, upon further conversation, Deputy Hayes observed that Mr. Scott's speech was slow and slurred. Lastly, upon exiting the vehicle, Mr. Scott was unable to maintain his balance, stumbling before he could lean on his vehicle for support. Accordingly, we conclude that the evidence presented at the suppression hearing was sufficient to establish probable cause to arrest Mr. Scott for driving under the influence of alcohol. The trial court, therefore, did not err in denying the motion to suppress. Therefore, Mr. Scott's assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, J., CARR, J. CONCUR.